UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **FRED D. WILLIAMS** | ] | |
|     **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | No. 3:15-1280 |
| | ] | Judge Trauger |
| **MONTGOMERY COUNTY JAIL, et al.** | ] | |
|     **Defendants.** | ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action against the Jail and Robert Felthauser, a deputy at the Jail, seeking injunctive relief and damages.

The plaintiff complains about conditions of his confinement. More specifically, the plaintiff alleges that Deputy Felthauser verbally abused him and his religion (Islam).

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a

1

constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). Consequently, the Supreme Court has held that defamation is not a constitutional tort and does not state a cognizable claim under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976). Thus, the alleged slander of the plaintiff and his religious beliefs, while reprehensible, fails to offend the Constitution.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge